Thane Charman
2270 Boundary St
San Diego, CA 92104
Phone: (619) 915-6198
Email: OBEY.TCPA@GMAIL.COM

**FILED**
Feb 23 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ melindaw   DEPUTY

THE UNITED STATES FEDERAL DISTRIC SOURT

SOUTHERN DISTRICT OF CALIFORNAIA

| | |
|---|---|
| THANE CHARMAN,<br><br>Plaintiff,<br><br>vs.<br><br>U.S.A. HOME INSPECTORS., A CALIFORNIA LIMITED LIABLITY COMPANY,<br><br>Defendant | Civil Case No.  **'23CV0352 MMA AHG**<br><br>1. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §2 NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)]<br>3. 27 (c)]<br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>5. NEGLIENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ]47 C.F.R. § 64.1200(d)}<br><br>JURY TRIAL REQUESTED |

# PLAINTIFF'S ORIGINAL COMPLAINT

## PARTIES

1. The Plaintiff is THANE CHARMAN ("Plaintiff") a natural person, resident of the Southern District of California, and was present in California for all Pre-recorded messages, in this case in San Diego County, California.

2. Defendant U.S.A. HOME INSPECTORS. ("USAHI") is a Limited Liability Company organized and existing under the laws of **California**.

3. U.S.A. HOME INSPECTORS address is 7760 Margerum Avenue #124, San Diego, CA 92120

4. The address of U.S.A. HOME INSPECTORS's registered agent is c/o Alan Klinger with an address of 7760 Margerum Avenue #124, San Diego, CA 92120

## JURISDICTION AND VENUE

5. **Jurisdiction.** This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

6. **Personal Jurisdiction.** This Court has personal jurisdiction over Defendant because defendant resides in this District.

7. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and

sale of goods and services directed at California residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Southern District of California when he received a substantial if not every single call from the USAHI that are the subject matter of this lawsuit.

8. This Court has venue over the USAHI because the calls at issue were sent by or on behalf of the above USAHI to the Plaintiff, a California resident.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. §227

9. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or pre-recorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the

collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C.§ 227(b)(1)(B).

11. The TCPA provides a private cause of action to persons who receive calls in violation of §227(b). 47 U.S.C. § 227(b)(3). Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying

a June 26, 2003 FCC order)

15. The FCC requires "prior express written consent" for all autodialed or pre-recorded telemarketing robocalls to wireless numbers and residential lines. In particular: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

16. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of*

*1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1(2013).

18. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." ((internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

20. Plaintiff successfully resisted his phone, number 619-3X0-X1X0 on the Do-Not-Call Registry in May 2018.

21. Plaintiff was on the National DNC at all times relevant to this Complaint.

22. The Plaintiff has received at least two (2) calls with a pre-recorded messages to his cell phone 619-3X0-X1X0 without his prior express.

23. USAHI offers the service of home inspection.

24. Each and every phone call Plaintiff received listed in Table A was a phone call utilizing a pre-recorded voice selling home inspection.

25. Table A

| | |
|---|---|
| November 25, 2019 | (619) 514-0737 |
| January 28, 2020 | (619) 514-0737 |

26. None of the calls at issue in this case were phone calls to "service" any account.

27. None of the call are made from a list

28. Upon information and belief, Defendants began harassing Plaintiff on or about July 15, 2017.

29. Plaintiff received a recorded message from USAHI soliciting the

home inspection services

30. Plaintiff sent an email to USAHI requesting an internal do not call policy on August 8, 2022 to email address admin@usa-homeinspectors.com.

31. USAHI failed and/or refused to send Plaintiff a copy of any internal do not call policy.

32. On information and belief, USAHI did not have a written do-not-call policy while they were sending Mr. Charman the prerecorded messages.

33. No emergency necessitated any of the alleged illegal pre-recordings.

34. The pre-recordings Plaintiff received from USAHI were placed while knowingly ignoring the national do-not-call registry. The pre-recorded messages were placed without training their agents/employees on the use of an internal do-not-call policy.

35. Each and every call was placed without the maintenance of an internal do-not-call policy.

36. Mr. CHARMAN has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

37. On information and belief, USAHI did not have a written do-not-call policy while it was sending Mr. CHARMAN the unsolicited calls.

38. On information and belief, USAHI did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS

39. USAHI Pre-recordings harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

40. USAHI Pre-recordings harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

41. USAHI Pre-recordings harmed Plaintiff by intruding upon Plaintiff's seclusion.

42. Plaintiff has been harmed, injured, and damaged by the Pre-recordings including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## Plaintiff's cell phone is a residential number

43. The Pre-recordings were to Plaintiff's cellular phone ending 619 3X0-X1X0 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

## COUNT ONE:
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing without Prior Express Written Consent
### (Against All USAHI)

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. USAHI and/or their agents placed Pre-recordings to Plaintiff's cellular telephone.

46. Plaintiff never consented to receive Pre-recordings from USAHI. Plaintiff has had no relationship with USAHI.

47. USAHI automated pre-recordings were made for purposes of advertising and marketing their goods and services. These pre-recordings constituted commercial advertising and telemarketing as contemplated by the TCPA.

48. As a result of their unlawful conduct, USAHI repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring USAHI to stop their unlawful pre-recording campaigns.

49. Not only did USAHI make these violating pre-recording, but USAHI and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227(b)(3)(C).

50. If the Court finds that USAHI willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## COUNT TWO:
**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))**
**(Against All USAHI)**

51. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

52. The foregoing acts and omissions of USAHI and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

53. Plaintiff was statutorily damaged at least three times (3) times under 47 U.S.C. § 227(c)(3)(F) by USAHI by the pre-recording described above, in the amount of $500 per pre-recording.

54. Plaintiff is entitled to an award of at least $500 in damages for each such violation.

    47 U.S.C. § 227(c)(5)(B).

55. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT THREE:

**Telemarketing without Mandated Safeguards, 47 C.F.R. § 64.1200(d)**
**(Against All USAHI)**

56. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

57. The foregoing acts and omissions of USAHI and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

> a. A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [1];
>
> b. Training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [2]; and,
>
> c. In the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[3]

58. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c) (5)(B).

---

[1] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order

59. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff THANE CHARMAN prays for judgment against the USAHI jointly and severally as follows:

    A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

    B. A declaration that actions complained of herein by USAHI violates the TCPA and California state law;

    C. An injunction enjoining USAHI and their affiliates and agents from engaging in the unlawful conduct set forth herein;

    D. An award of $1500 per pre-recording in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporations and individuals for two (2) pre-recordings.

    E. An award of $1500 per pre-recordings in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporations and individuals for number two (2) pre-recordings.

    F. An award to Mr. Charman of damages, as allowed by law under the TCPA;

G. An award to Mr. Charman of interest, costs, and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

DEMAND FOR JURY TRIAL

Dated: February 21, 2023. Respectfully submitted,

By: /S/ Thane Charman
Thane Charman
2270 Boundary St
San Diego, CA 92104
Phone: (619) 915-6198
Email: OBEY.TCPA@GMAIL.COM