UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br><br>    Plaintiff,<br><br>v.<br><br>U.S.A. HOME INSPECTORS, a California limited liability company; KEITH KLINGER, an individual,<br><br>    Defendants. | Case No.: 3:23-cv-00352-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Default Judgment filed by Plaintiff Thane Charman. (ECF No. 15.)

**I.    PROCEDURAL BACKGROUND**

On May 21, 2023, Plaintiff Thane Charman ("Plaintiff") filed an Amended Complaint against Defendants U.S.A. Home Inspectors and Keith Klinger (collectively, "Defendants"), arising from Defendants' alleged unlawful telephone solicitation practices. (ECF No. 9.) On June 29, 2023, Plaintiff filed proofs of service. (ECF Nos. 11–12.)

On October 24, 2023, Plaintiff filed a Request for Clerk's Entry of Default against Defendants. (ECF No. 13.) On November 14, 2023, the Clerk of the Court entered default

against Defendants. (ECF No. 14.) On December 6, 2023, Plaintiff filed a Motion for Default Judgment. (ECF No. 15.)

## II.   DEFAULT JUDGMENT

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the court may grant default judgment after default has been entered. *See* Fed. R. Civ. P. 55(b)(2). In deciding whether to grant or deny a default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested." *Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 884 (S.D. Cal. Nov. 17, 2021); *Forbush v. NTI-CA Inc.*, No. 22-cv-00141-H-RBB, 2023 WL 5055483, at *3 (S.D. Cal. Aug. 7, 2023) ("Before evaluating the merits of a motion for default judgment, a district court must consider the adequacy of service of process on the parties against whom the default is requested.").

"A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). When a party serves the summons, but not the complaint, service of process is insufficient. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1105–06 (7th Cir. 2011); *Castaneda v. Garden Grove Police Dep't*, No. CV 21-1892-FMO (AGR), 2022 WL 3137926, at *3 (C.D. Cal. June 27, 2022) ("Even when service is otherwise proper, failure to include both the complaint and the summons renders service of process insufficient."); *Stiles v. Food Lifeline*, No. 2:20-cv-01853-RAJ, 2021 WL 5113378, at *1–*2 (W.D. Wash. Nov. 3, 2021) (service was insufficient when process server served defendant with only the summons); *Smith v. Tempe Honda*, No. CIV 08-2134-PHS-DKD, 2010 WL 11627813, at *3 (D. Ariz. Mar. 31, 2010) ("Even if service had occurred within the allotted time or if good cause for delay had been demonstrated, failure to include *both* the summons and the complaint provides sufficient grounds for dismissal.").

Here, the proofs of service as to Defendants U.S.A. Home Inspectors and Keith Klinger state that the summons was delivered, but not the Amended Complaint. (*See* ECF No. 11 at 2; ECF No. 12 at 2.) The Court acknowledges that in the Motion for Default Judgment and the Declaration in Support of Request for Clerk's Entry of Default, Plaintiff states that the process server served both the summons and complaint. (*See* ECF No. 13 at 4; ECF No. 15 at 7.) However, Plaintiff does not state that the process server served the Amended Complaint, which is the operative pleading in this case. These documents were also not signed under penalty of perjury. *See* Fed. R. Civ. P. 4(l)(1). Based on the papers presented, the Court cannot confirm that Defendants were properly served. *See* Fed. R. Civ. P. 4(c)(1). Accordingly, the Motion for Default Judgment is denied without prejudice.

### III.  ENTRY OF DEFAULT

Rule 55 provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Rule 55 does not require a motion to set aside the entry of default and, therefore, a district court has the authority to set aside [sua sponte] an entry of default for good cause." *Lemieux v. Lender Processing Ctr.*, No. 16-cv-01850-BAS-DHB, 2018 WL 637945, at *4 (S.D. Cal. Jan. 31, 2018); *Investcorp Retirement Specialist, Inc. v. Ohno*, Civ. No. 07–1304, 2007 WL 2462122, at *2 (N.D. Cal. Aug. 28, 2007) ("The court may set aside entries of default sua sponte."). Insufficient service of process is good cause to set aside entry of default. *See Banks v. CS Educ.*, No. 10cv1886–BTM (CAB), 2011 WL 811601, at *1 (S.D. Cal. Mar. 2, 2011) (citing *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992)); *Winplus North America, Inc. v. San Top Enter.*, No. CV 14-2012-RGK(MRWx), 2015 WL 13919469, at *3 (C.D. Cal. Dec. 7, 2015) ("Courts in the Ninth Circuit have consistently found that '[i]mproper service of the complaint presents good cause to set aside entries of default.'") (collecting cases); *see also Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment."). Accordingly, the Court finds that there is good cause to set aside the Entry of Default.

## IV. ORDER TO SHOW CAUSE

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because the Amended Complaint was filed on May 21, 2023, the deadline to effect service on Defendants was August 19, 2023. As explained above, Plaintiff has not filed proof that Defendants have been properly serviced. This Order constitutes notice to Plaintiff that the Court will dismiss Plaintiff's claims against Defendants without prejudice unless, within thirty (30) days from the date this Order is filed, Plaintiff files (1) proof that service of the summons and Amended Complaint was timely effectuated on Defendants; or (2) proof that service of the summons and Amended Complaint on Defendants was not required; or (3) a declaration under penalty of perjury showing good cause for the failure to timely effect service on Defendants accompanied by a motion for leave to serve process outside of the time period granted by the Federal Rules of Civil Procedure.

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 15) is denied without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court's Entry of Default (ECF No. 14) is set aside.

IT IS FURTHER ORDERED that this Order constitutes notice to Plaintiff that the Court will dismiss Plaintiff's claims against Defendants without prejudice unless, within thirty (30) days from the date this Order is filed, Plaintiff files (1) proof that service of the summons and Amended Complaint was timely effectuated on Defendants; or (2) proof that service of the summons and Amended Complaint on Defendants was not required; or (3) a

declaration under penalty of perjury showing good cause for the failure to timely effect service on Defendants accompanied by a motion for leave to serve process outside of the time period granted by the Federal Rules of Civil Procedure.

Dated: May 28, 2024

Hon. William Q. Hayes
United States District Court