1  Thane Charman
2  2270 Boundary St
   San Diego, CA 92104
   Telephone:  800-673-4384
3  Email: OBEY.TCPA@GMAIL.COM

4  Plaintiff, Pro Se

5

6

7

8
                    UNITED STATES DISTRICT COURT
9
                    SOUTHERN DISTRICT OF CALIFORNIA
10

11

12  THANE CHARMAN, individual          Civil Case No.:  3:23cv-0352-WHQ-AHG
              Plaintiff,
13                                     **NOTICE OF MOTION**
    v.
14                                     **PLAINTIFF'S MOTION FOR**
    U.S.A. HOME INSPECTORS, A          **DEFAULT JUDGMENT AGAINST**
15  CALIFORNIA LIMITED LIABLITY        **DEFENDANT**
    COMPANY,. Keith Klinger, An
16  Individual;                        Date:  January 16, 2024

17            Defendants,              NO ORAL ARGUMENT UNLESS
                                       REQUESTED BY THE COURT
18
                                       The Honorable William Q. Hayes
19

20

21
                    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1   Please take notice that on January 16, 2024 pursuant to FRCP 55(b), Plaintiff
2   Thane Charman will move the Honorable Chief Judge of Federal District Court for entry
3   of default judgment against Defendants for multiple TCPA violations. The Court may
4   order the matter submitted on the papers. The address of the Federal District Court,
5   Southern District of California is 333 West Broadway Blvd, San Diego, CA 92101.

6

7   Dated: June 8, 2024                 respectfully submitted,

8

9
                                By:  /s/ Thane charman
10
                                     THANE CHARMAN
11                                   *Plaintiff, Pro Se*

12

13

14

15

16

17

18

19

20

21
                    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual<br><br>Plaintiff,<br><br>v.<br><br>U.S.A. HOME INSPECTORS, A CALIFORNIA LIMITED LIABLITY COMPANY,. Keith Klinger, An Individual;<br><br>Defendants, | Civil Case No.: 3:23cv-0352-WHQ-AHG<br><br>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>MORANDUM OF POINTS AND AUTHORITIES<br><br>Date: January 16, 2024<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br><br>THE HONORABLE William Q. Hayes |

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1. Plaintiff THANE CHARMAN respectfully moves, under Fed. R. Civ. P. 50(b)(2), for a default judgment against U.S.A. Home Inspectors LLC and Keith Klinger, An Individual (herein "Defendants").

## STATEMENT OF FACTS

2. **Liability:** Plaintiff in this case, Thane Charman, received (2) calls with prerecorded messages to their personal telephone number ending in -1119, which was listed on the National Do Not Call Registry since May 2018. Compl. ¶ 25. Plaintiff is charged for this cell phone bill through Verizon. Defendants runs a home inspection service. Defendants uses telemarketing to market its services, including to persons, like Plaintiff, who are registered on the National Do Not Call Registry

3. **Jurisdiction:** This Court has federal -question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statue. *Mims v. Arrow Fin. Serv.,* LLC, 565 U.S. 368, 372 (2012.)

4. **Injury:** Plaintiff has been harmed, injured and damage by the calls including, but not limited to: reduce devices storage, space and reduce data plan usage, invasion of privacy, reduced enjoyment and usage of his cell phone, reduced battery usage, anger, frustration and aggravation.

5. **Damages:** Violations of the TCPA § 227(b) and TCPA § 227(c) are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful *Perrong v. Atom Property Sol's, LLC*, No. 2:22-cv-02000-MMB, ECF No 10, at *1 (E.D. Pa. Nov. 30, 2022) (nearly identical motion as here); *Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *1 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted in part, rejected in part, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022); *Perrong v. Tranzvia, LLC.*, Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections.

6. However, Plaintiff alleges all two calls with prerecorded messages were placed in violation of the Do Not Call list. Therefore, Plaintiff is entitled to $6,000.00 for statutory violations, plus a $402 filing fee and $125.00 in service costs for a grand total of $6527.00.

7. *Posture:* On May 21, 2023 Plaintiff filed their Amended Complaint against Defendants, alleging violations of the Telephone Consumer Protection Act ("TCPA") (ECF Nos 9). Defendant U.S.A Home Inspectors was served Amended Complaint on June 2, 2023. Defendant Keith Klinger was served Amended Complaint on June 18, 2023. An answer to the amended complaint was never given. Plaintiff filed an amended proof of

service as to the amended complaint on May 29, 2024 (ECF Nos 17 and 18). A second Application for Entry of Default was filed by Plaintiff on May 30, 2024 with the Clerk of the Court (ECF Nos 19). A second Clerks Entry of Default has been entered against U.S.A Home Inspectors and Keith Klinger on June 4, 2024 (ECS Nos 20). Representatives of Defendants contacted Plaintiff via email after service of initial complaint. Defendants know about the case.

## ARGUMENT AND AUTHORITIES

8. Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the defendants had a fair notice of their opportunity to object. See, e.g., Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C., Civ. No. 05-3452 at *9 (D.N.J. July 31, 2008). For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

**The Court Has Jurisdiction and Service of Process Was Proper**

9. The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and general personal jurisdiction over Defendants. Further, Defendants were duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

### Subject Matter Jurisdiction

10. This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

### Personal Jurisdiction

11. This Court has general personal jurisdiction over Defendants because Defendants and Plaintiff reside in this District.

### Service of Process

12. In Under the Federal Rules of Civil Procedure, Defendants were properly served with process and therefore had the opportunity to respond but did not. Under FED. R. CIV. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Here, on June 2, 2023 and June 18, 2023, Plaintiff's process server served the amended complaint and summons to Defendants.  Plaintiff effected service under Rule 4(h).

### The Balance of Factors Weighs in Favor of a Default

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

13. It is clear that the balance of factors surrounding Defendant's opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendant have not responded, the Court is unable to consider neither the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendant have demonstrated the culpability necessary for their failure to respond to weigh against them.

**Without Default, Plaintiff Will be Denied Relief**

*14.* In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendant's failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Here, Defendants made aware of its unlawful conduct when it was served which went ignored. Nevertheless, Defendants have failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because she will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

### Defendant has no Meritorious Defense

16. In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendants did not respond, the Court cannot determine whether or not Defendants had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendants had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgment is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

### Defendant is Culpable for its Conduct

16. The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts in this circuit have found lack of

1. culpability only where the mistakes were innocent, accidental or somehow excusable. *Emcasco*, 834 F.2d at 75 (finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required). Defendant's failure to answer, despite adequate service and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

**The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven**

17. The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $6,527.00, are both reasonable and fair given the circumstances and facts of the case.

**Legal Sufficiency**

18. Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported his TCPA claims with more than adequate specificity. *Compare* Compl. ¶ 25-43 (date, caller ID, called number, message content, and whether or

not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v. Glob. Serv. Grp., LLC*, No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015).

19. In particular, Plaintiff has adequately and specifically stated claims for calls placed to a number on the National Do Not Call Registry. 47 U.S.C. § 227(c) and the regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)(2), (c)(5), and (d)(6).

**First Claim:** The elements of this claim are: (1) the defendants called a private telephone number; (2) registered on the National Do Not Call Registry; (3) Plaintiff received phone calls with prerecorded messages; (2) at least twice in any 12-month period; (5) for initiating any telephone solicitation; (6) without consent or having had consent revoked; 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227

Plaintiff's Amended Complaint pleads each element of this claim:

(1) Defendants called Plaintiff's private telephone number,

(2) Registered on the National Do Not Call Registry,

(3) Plaintiff received phone calls with prerecorded messages;

(4) At least twice in any 12-month period,

(5) For the purpose of initiating any telephone solicitation,

(6) Without consent or having had consent revoked

**Damages are Appropriate for Default Judgment**

20. "[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

21. Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia, LLC.*, at *1 ($45,000).

22. The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call). Plaintiff pleads that he received two calls of prerecorded messages. As outlined above, each of the two calls violates one part of section (c) [the prohibition against calling numbers on the Do Not Call Registry] and entitles Plaintiff to an award of $500 for each violation plus treble damages, or $1,500.00.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

23. The sum of statutory damages, therefore, totals $6,000.00. Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

24. The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

25. In addition, the Plaintiff paid the $402.00 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1  Plaintiff expended $125.00 in effectuating service of process. Perrong Dec. Therefore,

2  Plaintiff is entitled to recover costs of service under FED. R. CIV P. 4(d)(2). *Mercedes-*

3  *Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES-ESK, 2020 WL 3892360,

4  at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $6,527.00.

5  26.     Given the foregoing, Plaintiff requests damages be calculated according to the

6  above case precedent and prays that judgment be entered in the amount of $6,527.00,

7  calculated as follows: one violation per call [based on 2] times $500 per violation, times

8  treble damages, plus $402,00 in filing fees, plus $125.00 in service fees

## CONCLUSION

10  27.     Defendant Keith Klinger is not an incompetent person.

11  28.     Defendant Keith Klinger is not currently in the military service, and therefore the

12  service members Civil Relief Act does not apply.

13  29.     Defendants decided to make calls to the Plaintiff (to a number listed on the National

14  Do Not Call Registry, no less). Defendants decided not to defend this lawsuit. Accordingly,

15  entry of default judgment against Defendants is appropriate. Plaintiff Thane Charman

16  respectfully prays for an award of $6,527.00, plus any other relief that the court deems just

17  and proper.

18         Dated: June 7, 2024                    Respectfully submitted,

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1  By: /s/ Thane charman

2  THANE CHARMAN

3  *Plaintiff, Pro Se*

# PROOF OF SERVICE

I, Thane Charman, am over 18, a pro per plaintiff in this matter and have served on Defendants as follows:

3:23cv-0352-WHQ-AHG **Notice of motion, Motion for default judgment and Memorandum of Points and Authorities has been mailed by US Mail, Postage Pre-paid first class to:**

U.S.A. HOME INSPECTORS, A CALIFORNIA LIMITED LIABLITY
14119 KELLI LN, EL CAJON,
CA 92021-2700

And

Keith Klingeer
14119 KELLI LN, EL CAJON,
CA 92021-2700

I swear under penalty of perjury that the above was served as stated.
Dated:  June 8, 2024

                                                                  /S/ *THANE CHARMAN*
                                                                  THANE CHARMAN

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT