UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S.A. HOME INSPECTORS, a California limited liability company,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:23-cv-352-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are: (1) the Order to Show Cause (ECF No. 32) issued by the Court and staying the proceedings; (2) the Motion to Strike Amended Reply to Motion for Default Judgment (ECF No. 29) filed by Plaintiff Thane Charman ("Plaintiff"); (3) the Motion Allowing Plaintiff to File Second Amended Complaint (ECF No. 31) filed by Plaintiff; and (4) Plaintiff's Motion for Default Judgment Against Defendant (ECF No. 21) filed by Plaintiff.

## I. BACKGROUND

On February 23, 2023, Plaintiff filed the Complaint (ECF No. 1) asserting claims against Defendants U.S.A. Home Inspectors and Keith Klinger ("Klinger"). On May 21,

2023, Plaintiff filed the operative "[First] Amended Complaint"[1] (the "FAC"). (ECF No. 9.)

On June 10, 2024, Plaintiff filed a "Motion for Default Judgment Against Defendant[s]" (the "Motion for Default Judgment"). (ECF No. 21.)

On July 8, 2024, Klinger filed a "Reply to [the] Motion for Default Judgment." (ECF No. 23.)

On July 22, 2024, Plaintiff filed a "Reply to Reply to Motion for Default Judgment." (ECF No. 24.)

On August 12, 2024, Klinger, proceeding pro se, filed an "Amended Reply to Motion for Default Judgment" ("Amended Reply"), which included a filing entitled "Answer and Counterclaim" purporting to present arguments on behalf of both Klinger and U.S.A. Home Inspectors. (ECF No. 27.)

On August 16, 2024, Plaintiff filed "Plaintiff's Notice of Dismissal Without Prejudice," moving to dismiss Klinger from the action without prejudice. (ECF No. 28.) On the same day, Plaintiff filed a "Motion to Strike Amended Reply to Motion for Default Judgment" ("Motion to Strike"), requesting the Court strike Klinger's Amended Reply (ECF No. 27) because, in relevant part, "Defendant U.S.A. Home Inspectors LLC is a limited liability company. Limited Liability companies [are] not allowed to appear pro se." (ECF No. 29 at 7.)

On September 17, 2024, the Court issued an Order dismissing Klinger without prejudice. (ECF No. 30.)

On October 4, 2024, Plaintiff filed a "Motion Allowing Plaintiff to File Second Amended Complaint" ("Motion for Leave to Amend") seeking the Court's permission to

---

[1] Although Plaintiff titled this pleading "Second Amended Complaint," he had not yet amended the Complaint prior to this filing. The Court accordingly refers to the operative pleading as the First Amended Complaint.

2

amend the Complaint to properly identify U.S.A. Home Inspectors as "U.S.A. Home Inspectors San Diego, LLC." (ECF No. 31 at 1–3.)

## II. THE COURT'S ORDER

On November 12, 2024, the Court issued an Order notifying Klinger and U.S.A. Home Inspectors that the Court would not consider any of Klinger's pro se filings "to the extent they were intended to present arguments on behalf of U.S.A. Home Inspectors" and staying the proceedings for thirty (30) days from its entry to provide "U.S.A. Home Inspectors with time to retain an attorney and instruct the attorney to enter a notice of appearance in this action." (ECF No. 32 at 3.)

The thirty-day period has now elapsed, and the docket reflects that no filings or notices of appearances have been entered in this action since the Order was issued on November 12, 2024. Therefore, the Court reopens this action to rule on the pending Motion for Default Judgment (ECF No. 21), Motion to Strike (ECF No. 29), and Motion for Leave to Amend (ECF No. 31) without considering Klinger's arguments on behalf of U.S.A. Home Inspectors in his pro se filings.

## III. MOTION TO STRIKE

Plaintiff has moved to strike the Amended Reply (ECF No. 27) filed by Klinger. (ECF No. 29.) Pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation omitted) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 (1990)).

The Court dismissed Klinger as a party to this case on September 17, 2024. (ECF No. 30.) Accordingly, as discussed in the Court's Order, "[t]he Court may not consider any of Klinger's pro se filings to the extent they were intended to present defenses on behalf of

U.S.A. Home Inspectors." (ECF No. 32 at 3.) Because U.S.A. Home Inspectors, the sole remaining defendant in this case, may appear in federal court only through a licensed attorney, the defenses presented in Klinger's amended reply are immaterial to this action.

Therefore, the Court grants Plaintiff's Motion to Strike (ECF No. 29) and strikes Klinger's Amended Reply (ECF No. 27).

## IV. MOTION FOR LEAVE TO AMEND

FRCP Rule 15(a) provides that, after a responsive pleading has been served, "a party may amend [its] pleading only by leave of the court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave to amend "shall be freely given when justice so requires." *Id.*

Plaintiff's Motion for Leave to Amend is unopposed. Furthermore, Plaintiff seeks to amend the FAC in order to remove Klinger as a defendant and to "correct [a] scrivener's error[,] changing the name of Defendant U.S.A. Home Inspectors to U.S.A. Home Inspectors San Diego, LLC." (*See* ECF No. 31 at 5; *see also* ECF No. 31-1.) Applicable here, courts routinely permit amendment to complaints to cure scrivener's errors contained within the complaint. *Sumitomo Realty & Dev. Co. v. Tekuro Kamada Proctor*, No. 2:19-cv-01899-GMN-VCF, 2020 WL 5764465, at *2 (D. Nev. Sept. 28, 2020) (granting leave to amend to correct scrivener's error); *Microsoft Corp. v. Chatterjee*, No. C20-1800-JCC, 2021 WL 3288095, at *1 (W.D. Wash. Aug. 2, 2021) (same). Therefore, the Court grants Plaintiff's Motion for Leave to Amend (ECF No. 31) and directs Plaintiff to file the proposed Second Amended Complaint (ECF No. 31-1).

However, because Plaintiff's proposed amendment changes Defendant U.S.A. Home Inspectors' name to U.S.A. Home Inspectors San Diego, LLC, and U.S.A. Home Inspectors has not yet filed a notice of appearance in this action, Plaintiff must re-effectuate service on the appropriate defendant. *See* 4B Fed. Prac. & Proc. Civ. § 1146 (4th ed.) ("The service provisions of [FRCP] Rule 5 apply only to parties who have appeared. Thus[,] it is clear that amended or supplemental pleadings must be served on parties who have not yet

appeared in the action in conformity with [FRCP] Rule 4."). The Court will order the Clerk of the Court to re-issue the summons as to U.S.A. Home Inspectors San Diego, LLC once Plaintiff files the proposed Second Amended Complaint.

## V. MOTION FOR DEFAULT JUDGMENT

Because Plaintiff has moved to amend the FAC and the Court has granted Plaintiff's motion, the FAC on which Plaintiff seeks default judgment is no longer the operative complaint. Thus, the Court denies Plaintiff's Motion for Default Judgment as moot, to be re-filed only after Plaintiff files the proposed Second Amended Complaint, properly effectuates service on U.S.A. Home Inspectors San Diego, LLC, moves for the Clerk's Entry of Default, and the Clerk of the Court enters default against the appropriate defendant.

## VI. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 29) is granted. The Clerk of the Court shall strike the Amended Reply (ECF No. 27).

IT IS FURTHER ORDERED that the Motion for Leave to Amend (ECF No. 31) is granted. Plaintiff shall file the proposed Second Amended Complaint (ECF No. 31-1), entitled "Second Amended Complaint," within seven (7) days of the entry of this Order. If and when the Second Amended Complaint is filed, the Clerk of the Court shall re-issue the summons as to U.S.A. Home Inspectors.

IT IS FURTHER ORDERED that the Motion for Default Judgment (ECF No. 21) is denied without prejudice as moot.

Dated: January 13, 2025

Hon. William Q. Hayes
United States District Court