UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br><br>                        Plaintiff,<br><br>v.<br><br>U.S.A. HOME INSPECTORS, a California limited liability company,<br><br>                        Defendant. | Case No.: 3:23-cv-352-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

    On June 9, 2025, Plaintiff Thane Charman ("Plaintiff") filed the Cleaned-Up Second Amended Complaint, the operative pleading in this case. (ECF No. 39.)

    On September 15, 2025, Plaintiff filed a Request for Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 42.) On September 30, 2025, the Clerk of the Court entered Default against Defendant U.S.A. Home Inspectors San Diego, LLC, a California Limited Liability Company ("U.S.A. Home Inspectors").

On September 29, 2025, Keith Klinger ("Klinger") filed an Opposition to Request for Clerk's Entry of Default and Default Judgment ("Opposition"), requesting that the Clerk not enter default against U.S.A. Home Inspectors, contending that Plaintiff's service of U.S.A. Home Inspectors was inadequate, and seeking more time to secure legal representation for U.S.A. Home Inspectors. (ECF No. 44.) Klinger, proceeding pro se, purported to represent U.S.A. Home Inspectors. *Id.*

"It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (internal quotations omitted). A pro se litigant generally may not "pursu[e] claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also Vashisht-Rota v. Bluechip Servs.*, No. 3:22-cv-00900-RBM-KSC, 2023 WL 6064789, at * 1 (S.D. Cal. Jan. 30, 2023) (finding that a pro se litigant could not litigate claims on behalf of her limited liability company); *Tiger Constr. LLC v. Hous. Auth. of City of L.A.*, No. CV2207792MWFDFM, 2022 WL 18397358, at *1 (C.D. Cal. Nov. 23, 2022) (same); *G&G Closed Cir. Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2019 WL 1858115, at *1 (D. Ariz. Apr. 25, 2019) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993)) (same).

The Court has dismissed Klinger as a Defendant. (ECF No. 30.) As the Court stated in its November 12, 2024 Order (ECF No. 32), the Court may not consider Klinger's pro se filings to the extent they purport to present arguments on behalf of U.S.A. Home Inspectors. Should U.S.A. Home Inspectors wish to present arguments to the Court, it must do so through counsel.

IT IS HEREBY ORDERED that the proceedings are stayed for thirty (30) days from the entry of this Order, providing U.S.A. Home Inspectors with time to retain an attorney and instruct the attorney to enter a notice of appearance in this action. If no notice of appearance is filed on behalf of U.S.A. Home Inspectors within thirty (30) days of the entry

of this Order, the Court will lift the stay without considering Klinger's arguments on behalf of U.S.A. Home Inspectors in his pro se filings. The Clerk of the Court shall mail a copy of this Order to Klinger at the address listed on the docket.

Dated: October 17, 2025

Hon. William Q. Hayes
United States District Court