Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN, individual<br>Plaintiff,<br><br>v.<br><br>U.S.A. HOME INSPECTORS SAN DIEGO, LLC, A CALIFORNIA LIMITED LIABLITY COMPANY<br><br>Defendant. | Civil Case No.: 3:23-cv-00352-WQH-AHG<br><br>**NOTICE OF MOTION**<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**<br><br>**Date: FEBRUARY 2, 2026**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>**HONORABLE William Q. Hayes** |

Please take notice that on December 29, 2025, pursuant to FRCP 55(b)(2), Plaintiff Thane Charman will move the Honorable Chief Judge of the Federal District Court for entry of default judgment against Defendant U.S.A. Home Inspectors San Diego, LLC, a California Limited Liability Company, for multiple TCPA violations. The Court may

order the matter submitted on the papers. The address of the Federal District Court, Southern District of California, is 333 West Broadway Blvd, San Diego, CA 92101.

Dated: December 29, 2025

Respectfully submitted,

By: /s/ *Thane Charman*

THANE CHARMAN
*Plaintiff, Pro Se*

Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN, individual<br><br>Plaintiff,<br><br>v.<br><br>U.S.A. HOME INSPECTORS SAN DIEGO, LLC, A CALIFORNIA LIMITED LIABLITY COMPANY<br><br>Defendants, | Civil Case No.: 3:23-cv-00352-WQH-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT**<br><br>**Date: February 2, 2026**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>**HONORABLE William Q. Hayes** |

**<u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

1. Plaintiff THANE CHARMAN respectfully moves, under Fed. R. Civ. P. 50(b)(2), for a default judgment against U.S.A. HOME INSPECTORS SAN DIEGO, LLC, A CALIFORNIA LIMITED LIABLITY COMPANY (herein "Defendant").

## STATEMENT OF FACTS

2. **Liability:** Plaintiff in this case, Thane Charman, received (2) calls with prerecorded messages to their personal telephone number ending in -1119, which was listed on the National Do Not Call Registry since May 2018. SAC. ¶ 25. Plaintiff is charged for this cell phone bill through Verizon. Defendant runs a home inspection service. Defendant uses telemarketing to market its services, including to persons, like Plaintiff, who are registered on the National Do Not Call Registry

3. **Jurisdiction:** This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Serv.,* LLC, 565 U.S. 368, 372 (2012).

4. **Injury:** Plaintiff has been harmed, injured, and damaged by the calls, including, but not limited to: reduced device storage space, reduced data plan usage, invasion of privacy, reduced enjoyment and usage of his cell phone, reduced battery usage, anger, frustration, and aggravation.

5. **Damages:** Violations of the TCPA § 227(b) and TCPA § 227(c) are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful *Perrong v. Atom Property Sol's, LLC*, No. 2:22-cv-02000-MMB, ECF No 10, at *1 (E.D. Pa. Nov. 30, 2022) (nearly identical motion as here); *Perrong v. MLA Int'l,*

*Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *1 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted in part, rejected in part, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022); *Perrong v. Tranzvia, LLC.*, Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections.

6. Plaintiff alleges that all two (2) were placed in violation of both TCPA § 227(b) and TCPA § 227(c). Therefore, Plaintiff is entitled to $6,000.00 for statutory violations, plus his $402 filing fee and $75.00 in service costs for a grand total of $6,452.00.

7. **Posture:** On June 9, 2025, Plaintiff Thane Charman ("Plaintiff"), proceeding pro se, filed the operative Second Amended Complaint ("SAC") (ECF No. 39) against Defendant U.S.A. HOME INSPECTORS SAN DIEGO, LLC ("Defendant"), asserting violations of the Telephone Consumer Protection Act, 47 U.S.C.§ 227(b)(1)(A)(iii). (ECF No.45.)

8. On September 15, 2025, Plaintiff filed a Request for Clerk's Entry of Default against Defendant U.S.A. HOME INSPECTORS SAN DIEGO, LLC, a California.

9. On September 30, 2025, the Clerk of the Court entered Default against Defendant U.S.A. Home Inspectors. (ECF No. 45).

10. On September 29, 2025, Keith Klinger ("Klinger") filed an Opposition to Request for Clerk's Entry of Default and Default Judgment ("Opposition"). (ECF No. 44.) Klinger,

proceeding pro se, purported to represent U.S.A. Home Inspectors. *Id.* On October 17, 2025, the Court issued an Order staying the proceedings and stating: "If no notice of appearance is filed on behalf of U.S.A. Home Inspectors within thirty (30) days of the entry of this Order, the Court will lift the stay without considering Klinger's arguments on behalf of U.S.A. Home Inspectors in his pro se filings." (ECF No. 46 at 2–3.)

11. On November 24, 2025, the Court issued an Order lifting the stay and stating: "The Court will not consider Klinger's arguments on behalf of U.S.A. Home Inspectors. The Default entered by the Clerk of Court (ECF No. 45) remains in effect." (ECF No. 47 at 2.)

12. Plaintiff now files this Motion for Default Judgment.

## ARGUMENT AND AUTHORITIES

13. Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the defendant had a fair notice of their opportunity to object. See, e.g., *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452 at *9 (D.N.J. July 31, 2008). For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

### The Court Has Jurisdiction and Service of Process Was Proper

14. The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendant. Further, Defendant was duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

**Subject Matter Jurisdiction**

15. This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

**Personal Jurisdiction**

16. This Court has general personal jurisdiction over Defendant because Defendant is a California limited liability company.

**Service of Process**

17. In Under the Federal Rules of Civil Procedure, Defendant was properly served with process and therefore had the opportunity to respond, but did not. Under FED. R. CIV. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of documents to last known address of Keith Klinger owner of U.S.A. HOME INSPECTORS SAN DIEGO, LLC ." Here, on June 11, 2025, Plaintiff's process server served the amended complaint, civil cover sheet, and summons to Defendant U.S.A. HOME INSPECTORS SAN DIEGO, LLC. Plaintiff effected service under Rule 4(h).

**The Balance of Factors Weighs in Favor of a Default**

18. It is clear that the balance of factors surrounding Defendant's opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendant has not responded, the Court is unable to consider either the existence or lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendant has demonstrated the culpability necessary for their failure to respond to weigh against them.

**Without Default, Plaintiff Will be Denied Relief**

*19.* In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendant's failure to offer a meritorious Defense. Plaintiff is prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Here, Defendant was made aware of its unlawful conduct when it was served. Nevertheless, Defendant has failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly

prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

**Defendant has no Meritorious Defense**

20. In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendant did not file an answer to the SAC, the Court cannot determine whether or not Defendant had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendant had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgment is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

**Defendant is Culpable for its Conduct**

21. The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp*., 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts in this circuit have found lack of culpability only where the mistakes were innocent, accidental or somehow excusable.

*Emcasco*, 834 F.2d at 75 (finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required). Defendant's failure to answer, despite adequate service and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

**The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven**

22. The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $6,452.00 are both reasonable and fair given the circumstances and facts of the case.

**Legal Sufficiency**

23. Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported his TCPA claims with more than adequate specificity. *Compare* Compl. ¶ 21-39 (date, caller ID, called number, prerecorded message content, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g.,

*Frischberg v. Glob. Serv. Grp., LLC*, No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015).

24. In particular, Plaintiff has adequately and specifically stated claims for calls placed to a number on the National Do Not Call Registry. 47 U.S.C. § 227(c) and the regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)(2), (c)(5), and (d)(6).

**First Claim: 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227**

The elements of this claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) Plaintiff received prerecorded messages; (4) at least twice in any 12-month period; (5) for initiating any telephone solicitation; (6) without consent or having had consent revoked; 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227

Plaintiff's Complaint pleads each element of this claim:

(1) Defendant called Plaintiff's private telephone number, SAC ¶ 21

(2) Registered on the National Do Not Call Registry, SAC ¶ 22

(3) Plaintiff received pre-recorded messages; SAC ¶ 23

(4) At least twice in any 12-month period, SAC ¶ 26

(5) For the purpose of initiating any telephone solicitation, SAC ¶ 30

(6) Without consent or having had consent revoked SAC ¶ 23

**Second Claim:** 47 U.S.C. § 227(b)(1)(A)(iii)

The elements of this claim are: (1) Plaintiff is located in the United States; SAC (2) Plaintiff received pre-recorded messages from Defendant; SAC (3) Plaintiff's phone is a cellular telephone; (4) Plaintiff did not consent to receive pre-recorded messages from Defendant, or otherwise give Defendant permission to send pre-recorded messages. SAC ¶23

Plaintiff pleads each element of this claim:

(1) Plaintiff was located in San Diego County for all calls in this case. SAC ¶ 7.

(2) The phone calls to Plaintiff contained pre-recorded messages. Plaintiff's Affidavit in Support of Default ¶ 6.

(3) Plaintiff's phone is a cellular telephone. SAC ¶ 37.

(4) Plaintiff did not consent to receive automated pre-recorded messages from Defendant. SAC ¶ 23.

**Damages are Appropriate for Default Judgment**

25. "[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

26. Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select*

*Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia*, *LLC*., at *1 ($45,000).

27. The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call). Plaintiff pleads that he received two (2) pre-recorded messages. As outlined above, each of the two (2) pre-recorded messages violates one part of section (c) [the prohibition against calling numbers on the Do Not Call Registry] and entitles Plaintiff to an award of $500 for each violation plus treble damages, or $1500.00.

28. The sum of statutory damages, therefore, totals $6,452.00. Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767

(Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

29. The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

30. In addition, the Plaintiff paid the $402.00 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $125.00 in effectuating service of process. Perrong Dec. Therefore, Plaintiff is entitled to recover costs of service under FED. R. CIV P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES-ESK, 2020 WL 3892360, at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $6,452.00.

31. Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgment be entered in the amount of $6,452.00, calculated as follows: one violation per call [One Hundred Fifteen] times $500 per violation, times treble damages, plus $402,00 in filing fees, plus $75.00 in service fees

**CONCLUSION**

32. Defendant decided to make calls to the Plaintiff (to a number listed on the National Do Not Call Registry, no less). Defendant decided to utilize prerecorded messages when making the phone calls. Defendant decided not to defend this lawsuit. Accordingly, entry of default judgment against Defendant is appropriate. Plaintiff Thane Charman respectfully prays for an award of $6,452.00, plus any other relief that the court deems just and proper.

Dated: December 29, 2025 respectfully submitted,

By: /s/ *Thane Charman*

THANE CHARMAN

*Plaintiff, Pro Se*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

THANE CHARMAN, individual
Plaintiff,

v.

U.S.A. HOME INSPECTORS SAN DIEGO, LLC, A CALIFORNIA LIMITED LIABLITY COMPANY

Defendants,

Civil Case No.: **3:23-cv-00352-WQH-AHG**

**DECLARATION IN SUPPORT OF MOTION FOR DEFAULT**

**Hearing Date: February 2, 2026**

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

**HONORABLE William Q. Hayes**

I, Thane Charman, hereby declare the following in support of Plaintiff's Motion for Default:

1. I am the Pro Se Plaintiff in Case No.: **3:23-cv-00352-WQH-AHG**

2. I am competent to testify to the matters stated herein.

3. This declaration is based on personal knowledge of the matters set forth herein.

4. I am non-military.

5. I am not and Infant.

I declare under penalty of perjury that the foregoing is true and correct. This declaration is executed on the date stated below in San Diego, California

Dated: December 29, 2025 Respectfully submitted,

By: /s/ *Thane charman*

THANE CHARMAN
*Plaintiff, Pro Se*

**PROOF OF SERVICE**

I, Thane Charman, am over 18, a pro per plaintiff in this matter and have served on Defendants as follows:

Notice of motion, Motion for default judgment and Memorandum of Points and

Authorities has by US Mail, postage pre-paid, first class to: U.S.A. HOME INSPECTORS SAN DIEGO, LLC at 14119 KELLI LN EL CAHON, CA 92021

I swear under penalty of perjury that the above was served as stated.
Dated: December 29, 2025

/S/ *THANE CHARMAN*
THANE CHARMAN

Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THANE CHARMAN, individual

Plaintiff,

v.

U.S.A. HOME INSPECTORS SAN DIEGO, LLC, A CALIFORNIA LIMITED LIABLITY COMPANY

Defendants,

**Civil Case No.: 3:23-cv-00352-WQH-AHG**

**AFFDAVIT OF THANE CHARMAN IN SUPPORT OF MOTION FOR DEFUALT JUDGMENT**

**Hearing Date: February 2, 2026**

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

**HONORABLE William Q. Hayes**

**AFFDAVIT OF THANE CHARMAN IN SUPPORT OF MOTION FOR DEFUALT JUDGMENT**

I, THANE CHARMAN, declare under penalty of perjury, state as follows:

1. I am over the age of 18 years and a resident of San Diego County. I have firsthand

knowledge of the matters of fact stated herein. If called as a witness, I could and would testify competently to such facts under oath.

2. I received two prerecorded messages from a number showing 619-514-0737. The date of the first prerecorded message from USA Home Inspectors was November 25, 2019. The date I received the second prerecorded message from USA Home Inspectors was January 28, 2020.

3. Both messages went directly to voice mail. The message from the first Message was as follows:

> Hey it's Keith at USA Home Inspectors. My assistant told me she talked to you today. And I emailed you the coupon like she promised. I was just giving you a quick call to make sure you got the coupon. And it will ??? Your email and everything else like that. I can also text it to you. I'm actual heading out of the office right not to do a home inspection. so give her a call back her office number is 619 289 8387. Again that's 619 289 8387. and you can text to if you want a text copy of that coupon. Thanks and we will see you soon

4. The second prerecorded messages was on January 28, 2020 stating the following:

> Hey it's Keith over at USA Home Inspectors just doing a little prospecting I just thought I would call and see if you had any new escrows you needed to schedule a home inspection for. I am actually running a special $100 off a home inspection if you mention this call. you can schedule an appointment by calling or texting my assistant Donna at 619 289 8387 Thanks.

5. The recordings are in my possession and available for inspection.
6. Through information and belief, the phone calls were prerecorded messages because the voice was monotone in nature, impersonal, and sounded like artificial intelligence.

7. I have Official records from Verizon Communication proving the calls went directly to voice mail.
8. Direct to voicemail only happens when prerecorded messages are sent.

Dated: December 29, 2025 respectfully submitted,

By: /s/ *Thane Charman*

THANE CHARMAN

*Plaintiff, Pro Se*

**PROOF OF SERVICE**

I, Thane Charman, am over 18, a pro per plaintiff in this matter and have served on Defendants as follows:

Notice of motion, Motion for default judgment and Memorandum of Points and Authorities has by US Mail, postage pre-paid, first class to: U.S.A. HOME INSPECTORS SAN DIEGO, LLC at 14119 KELLI LN
EL CAHON, CA 92021

I swear under penalty of perjury that the above was served as stated.
Dated: December 29, 2025

/S/ *THANE CHARMAN*
THANE CHARMAN

Thane Charman
2270 Boundary St
San Diego, CA 92104
Phone: (619) 915-6198
Email: OBEY.TCPA@GMAIL.COM

THE UNITED STATES FEDERAL DISTRIC SOURT

SOUTHERN DISTRICT OF CALIFORNIA

THANE CHARMAN,

Plaintiff,

vs.

U.S.A HOME INSPECTORS SAN DIEGO, LLC, A CALIFORNIA LIMITED LIABLITY COMPANY

Defendant

Civil Case No. **3:23-cv-00352-WQH-AHG**

**SECOND AMENDED COMPLAINT**

1. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]
2. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §2 NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)]
3. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]
4. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]

5. NEGLIENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ]47 C.F.R. § 64.1200(d)}

JURY TRIAL REQUESTED

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**PARTIES**

1. The Plaintiff is THANE CHARMAN ("Plaintiff") a natural person, resident of the Southern District of California, and was present in California for all Pre-recorded messages, in this case in San Diego County, California.

2. Defendant U.S.A. HOME INSPECTORS SAN DIEGO, LLC. ("USAHI") is a Limited Liability Company organized and existing under the laws of California with a principal address 14119 Kelli Ln, El Cajon, CA 92021

3. Defendant U.S.A. HOME INSPECTORS SAN DIEGO, LLC can be served at Keith Klinger 14119 Kelli Ln, El Cajon, CA 92021.

4. Defendant controlled every aspect of its agent's operations including text marketing.

5. U.S.A. HOME INSPECTORS SAN DIEGO, LLC is and was at all times relevant to this action owned and controlled by Keith Klinger.

## JURISDICTION AND VENUE

6. **Jurisdiction.** This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

7. **Personal Jurisdiction.** This Court has personal jurisdiction over Defendant because Defendant resides in this District.

8. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at California residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Southern District of California when he received a substantial if not every single call from the Defendant that are the subject matter of this lawsuit.

9. This Court has venue over the Defendant because the calls at issue were sent by or on behalf of the above Defendant to the Plaintiff, a California resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. §227**

10. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

11. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or pre-recorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C.§ 227(b)(1)(B).

12. The TCPA provides a private cause of action to persons who receive calls in violation of §227(b). 47 U.S.C. § 227(b)(3). Separately, the TCPA bans making telemarketing calls without a do-not-call policy available

upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

13. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

14. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

15. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order)

16. The FCC requires "prior express written consent" for all autodialed or pre-recorded telemarketing robocalls to wireless numbers and residential lines. In particular: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the

consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

17. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

18. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574

¶ 1(2013).

19. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

20. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." ((internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

21. Plaintiff successfully registered his phone, number 619-3X0-X1X0 on the Do-Not-Call Registry in May 2018.

22. Plaintiff was on the National DNC at all times relevant to this Complaint.

23. The Plaintiff has received at least two (2) calls with a pre-recorded

messages to his cell phone 619-3X0-X1X0 without his prior express.

24. USAHI offers the service of home inspection.

25. Each and every phone call Plaintiff received listed in Table A was a phone call utilizing a pre-recorded voice selling home inspection.

26. Table A

| | |
|---|---|
| November 25, 2019 | (619) 514-0737 |
| January 28, 2020 | (619) 514-0737 |

27. None of the calls at issue in this case were phone calls to "service" any account.

28. None of the call are made from a list

29. Upon information and belief, Defendant began harassing Plaintiff on or about July 15, 2017.

30. Plaintiff received a recorded message from Defendant soliciting the home inspection services

31. Plaintiff sent an email to Defendant requesting an internal do not call policy on August 8, 2022 to email address admin@usa-homeinspectors.com.

32. Defendant failed and/or refused to send Plaintiff a copy of any internal do not call policy.

33. On information and belief, Defendant did not have a written do-not-call policy

while they were sending Mr. Charman the prerecorded messages.

34. No emergency necessitated any of the alleged illegal pre-recordings.

35. The pre-recordings Plaintiff received from Defendant were placed while knowingly ignoring the national do-not-call registry. The pre-recorded messages were placed without training their agents/employees on the use of an internal do-not-call policy.

36. Each and every call was placed without the maintenance of an internal do-not-call policy.

37. Mr. CHARMAN has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

38. On information and belief, Defendant did not have a written do-not-call policy while it was sending Mr. CHARMAN the unsolicited calls.

39. On information and belief, Defendant did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list.

**INJURY, HARM, DAMAGES, and ACTUAL DAMAGES**

**AS A RESULT OF THE CALLS**

40. Defendant Pre-recordings harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

41. Defendant Pre-recordings harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

42. Defendant Pre-recordings harmed Plaintiff by intruding upon Plaintiff's seclusion.

43. Plaintiff has been harmed, injured, and damaged by the Pre-recordings including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

**Plaintiff's cell phone is a residential number**

44. The Pre-recordings were to Plaintiff's cellular phone ending 619 3X0-X1X0 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

**COUNT ONE:**
**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing without Prior Express Written Consent**
**(Against All** Defendant**)**

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Defendant and/or their agents placed Pre-recordings to Plaintiff's cellular telephone.

47. Plaintiff never consented to receive Pre-recordings from Defendant. Plaintiff has had no relationship with Defendant.

48. Defendant's automated pre-recordings were made for purposes of advertising and marketing their goods and services. These pre-recordings constituted commercial advertising and telemarketing as contemplated by the TCPA.

49. As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop their unlawful pre-recording campaigns.

50. Not only did Defendant make these violating pre-recording, but Defendant and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

51. If the Court finds that Defendant willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**<u>COUNT TWO:</u>**
**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))**
**(Against All Defendant)**

52. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

54. Plaintiff was statutorily damaged at least three times (3) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the pre-recording described above, in the amount of $500 per pre-recording.

55. Plaintiff is entitled to an award of at least $500 in damages for each such violation.

47 U.S.C. § 227(c)(5)(B).

56. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

**<u>COUNT THREE:</u>**

**Telemarketing without Mandated Safeguards, 47 C.F.R. § 64.1200(d)**
**(Against All Defendant)**

57. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

a. A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [1];

b. Training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [2]; and,

c. In the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[3]

59. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c) (5)(B).

60. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

---

[1] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order

Case 3:23-cv-00352-WQH-AHG Document 49 Filed 06/09/25 PageID.389 Page 34 of 48

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff THANE CHARMAN prays for judgment against the Defendant jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendant violates the TCPA and California state law;

C. An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $1500 per pre-recording in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporations and individuals for two (2) pre-recordings.

E. An award of $1500 per pre-recordings in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporations and individuals for number two (2) pre-recordings.

F. An award to Mr. Charman of damages, as allowed by law under the TCPA;

G. An award to Mr. Charman of interest, costs, and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

DEMAND FOR JURY TRIAL

Dated: June 9, 2025. Respectfully submitted,

By: /S/ *Thane Charman*
Thane Charman
2270 Boundary St
San Diego, CA 92104
Phone: (619) 915-6198
Email: OBEY.TCPA@GMAIL.COM

I hereby certify that on June 9, 2025. I caused a true copy of the Second Amended Complaint, and Summons In A Civil Action to be served via ABC Legal to U.S.A. HOME INSPECTORS San Diego, LLC at 14119 KellI Ln EL Cajon, CA 92021 and to KEITH KLINGER at 1961 Euchee Rd Ten Mile, TN 37880 by USPS Certified Mail.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):* **Thane Charman <thane@thanemckane.com> 2270 Boundary St** TELEPHONE NO.: **619-300-1119** FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional):* ATTORNEY FOR *(Name):* **Thane Charman** | ***FOR COURT USE ONLY*** |
|---|---|
| **United States District Court, Southern District of California** STREET ADDRESS: **333 West Broadway** MAILING ADDRESS: **333 West Broadway** CITY AND ZIP CODE: **San Diego 92101** BRANCH NAME: **United States Courthouse Annex** | |
| PLAINTIFF/PETITIONER: **Thane Charman** DEFENDANT/RESPONDENT: **U.S.A Home Inspectors San Diego, LLC, a California Limited Liability Company** | CASE NUMBER: **3:23-cv-00352-WQH-AHG** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **REF-20582907** |

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents):*
   **CIVIL COVER SHEET; SUMMONS; SECOND AMENDED COMPLAINT**

3. a. Party served *(specify name of party as shown on documents served):*
   **U.S.A HOME INSPECTORS SAN DIEGO, LLC**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*
   **Alissa D**

4. Address where the party was served:
   **14119 Kelli Ln, El Cajon, CA 92021**

5. I served the party *(check proper box)*

   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **06/11/2025** at *(time):* **2:13 PM**

   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: Thane Charman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: U.S.A Home Inspectors San Diego, LLC, a California Limited Liability Company | 3:23-cv-00352-WQH-AHG |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* **U.S.A HOME INSPECTORS SAN DIEGO, LLC**

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**

a. Name: **Oscar Valdez**
b. Address: **1054 sea Glass way, 1054, SAN DIEGO, CA 92154**
c. Telephone number: **619-751-1754**
d. The fee for service was: **$ 75.00**
e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ registered California process server:

(i) ☐ owner ☐ employee ☒ independent contractor. For: **ABC Legal Services, LLC**

(ii) ☒ Registration No.: **3793** Registration #: **6779**

(iii) ☒ County: **San Diego County** County: **Los Angeles**

**BY FAX**

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 06/11/2025

**Oscar Valdez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

O.V
(SIGNATURE)

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

THANE CHARMAN

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

U.S.A Home Inspectors San Diego, LLC

County of Residence of First Listed Defendant: San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**PERSONAL INJURY**

- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**

- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**

- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Habeas Corpus:**

- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**

- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

---

- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

---

- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

---

- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [X] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
47 U.S.C. 227, et seq.,

Brief description of cause:
Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: Jun 9, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN, individual<br>Plaintiff,<br><br>v.<br><br>U.S.A. HOME INSPECTORS SAN DIEGO, LLC, A CALIFORNIA LIMITED LIABLITY COMPANY<br><br>Defendants, | Civil Case No.: 3:23-cv-00352-WQH-AHG<br><br>REQUEST FOR CLERKS ENTRY OF DEFAULT |

Plaintiff, THANE CHARMAN, requests that the Clerk of Court enter Default against Defendants U.S.A. HOME INSPECTORS SAN DIEGO, LLC pursuant to Federal Rule of Civil Procedure 55(a). In support of this request Plaintiff relies upon the record in this case and the declaration submitted herein.

Dated: September 15, 2025 Respectfully submitted,

By: /s/ Thane charman
THANE CHARMAN
*Plaintiff, Pro Se*

Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual<br>Plaintiff,<br><br>v.<br><br>U.S.A. HOME INSPECTORS SAN DIEGO, LLC, A CALIFORNIA LIMITED LIABLITY COMPANY,.<br><br>Defendants, | Civil Case No.: 3:23-cv-00352-WQH-AHG<br><br>DECLARATION OF THANE CHARMAN IN SUPPORT OF REQUEST FOR CLERKS ENTRY OF DEFAULT |

Plaintiff, THANE CHARMAN, requests that the Clerk of Court enter Default against Defendants U.S.A. HOME INSPECTORS SAN DIEGO, LLC and pursuant to Federal Rule of Civil Procedure 55(a). In support of this request Plaintiff relies upon the record in this case and the declaration submitted herein.

I, THANE CHAMRAN, declare the following in support of Plaintiff's Request for Clerk's entry of Default against Defendants U.S.A. HOME INSPECTORS SAN DIEGO, LLC:

1. I am the Plaintiff, Pro Se, in the above-entitled action. I am familiar with the file, records, and pleadings in this matter.

2. A Second Amended complaint was filed on June 9, 2025 Summons were issued on May 14, 2025. That the Court ordered were still valid (ECF No. 40)

3. Defendant U.S.A. HOME INSPECTORS SAN DIEGO, LLC, was served with a copy of the summons and complaint on June 11, 2025, as reflected on the docket sheet by the proof of service On September 15, 2025 (ECF No. 41)
4. An answer to the complaint was due by Defendant U.S.A. HOME INSPECTORS by July 2, 2025.
5. Defendant's have failed to appear, plead, or otherwise defend within the time allowed and therefore, are now in default.
6. Plaintiff requests that the clerk of court enter Default against the

Case 3:23-cv-00352-WQH-AHG Document 49-1 Filed 09/15/25 PageID.3273 Page 43 of 43

Defendant.

Dated: September 15, 2025 Respectfully submitted,

By: /s/ Thane charman

THANE CHARMAN

*Plaintiff, Pro Se*

abclegal

# Invoice

Pay now at abclegal.com | ABC Legal Services, LLC | 1099 Stewart St, Suite 700, Seattle, WA 98101 | 206-521-9000 | ar@abclegal.com | Tax ID: 91-1153514

**BILL TO:**

**Thane Charman <thane@thanemckane.com>**
**2270 Boundary St**

| | |
|---|---|
| **INVOICE#** | 22422248.100 |
| **DATE** | Jun 09, 2025 |
| **ACCOUNT#** | 218800 |
| **ATTENTION** | thane@thanemckane.com |
| **REFERENCE#** | REF-20582907 |
| **AMOUNT DUE** | [redacted] |

| | |
|---|---|
| **CASE #** | N/A |
| **CASE TITLE** | N/A |
| **COURT** | N/A |

**SERVICES PERFORMED**

| [redacted] | | |
|---|---|---|
| **Prepare Suit** | | |
| [redacted] | | |
| | | |

| | |
|---|---|
| **SUBTOTAL** | $ 75.00 |
| **SALES TAX** | $ 0.00 |
| **TOTAL CHARGES** | [redacted] |

**PAYMENTS**

| [redacted] | | |
|---|---|---|
| | | |

| | |
|---|---|
| **AMOUNT PAID** | [redacted] |
| **AMOUNT DUE** | [redacted] |