UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br><br>                                    Plaintiff,<br><br>v.<br><br>U.S.A. HOME INSPECTORS, a<br>California Limited Liability<br>Company,<br><br>                                   Defendant. | Case No.:  3:23-cv-352-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Default Judgment (ECF No. 49) filed by Plaintiff Thane Charman.

## I.    BACKGROUND

On February 23, 2023, Plaintiff Thane Charman ("Plaintiff") filed a Complaint against Defendant U.S.A. Home Inspectors, a California Limited Liability Company ("U.S.A. Home Inspectors" or "Defendant") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (ECF No. 1.)

On May 21, 2023, Plaintiff filed an Amended Complaint ("FAC"), which added Keith Klinger ("Klinger") as a Defendant. (ECF No. 9.)

On October 24, 2023, Plaintiff filed a Request for Clerk's Entry of Default. (ECF No. 13.) On November 14, 2023, the Clerk of the Court entered Default against Defendants U.S.A. Home Inspectors and Klinger (collectively, "Defendants"). (ECF No. 14.)

On December 6, 2023, Plaintiff filed a Motion for Default Judgment. (ECF No. 15.) On May 18, 2024, the Court issued an Order denying the motion without prejudice for insufficient proof of service. (ECF No. 16.)

After filing proof of service (ECF Nos. 17–18), Plaintiff filed another Request for Clerk's Entry of Default on May 30, 2024. (ECF No. 19.) On June 4, 2024, the Clerk of the Court entered Default against Defendants. (ECF No. 20.)

On June 10, 2024, Plaintiff filed another Motion for Default Judgment. (ECF No. 21.) On July 8, 2024, Defendant Klinger filed a Response in Opposition. (ECF No. 23.) On July 22, 2024, Plaintiff filed a Reply. (ECF No. 24.)

On August 16, 2024, Plaintiff filed a Notice of Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 28.) On September 17, 2024, the Court dismissed Defendant Klinger from this action without prejudice. (ECF No. 30.)

On October 4, 2024, Plaintiff filed a "Motion Allowing Plaintiff to File Second Amended Complaint" ("Motion for Leave to Amend"). (ECF No. 31.) On January 13, 2025, the Court issued an Order denying the Motion for Default Judgment (ECF No. 21) as moot in light of the Motion for Leave to Amend (ECF No. 31). (ECF No. 33.)

On June 9, 2025, Plaintiff filed the Second Amended Complaint ("SAC"), the operative pleading. (ECF No. 39.)

On September 15, 2025, Plaintiff filed a Request for Clerk's Entry of Default against Defendant U.S.A. Home Inspectors. (ECF No. 42.) On September 30, 2025, the Clerk of the Court entered Default against Defendant U.S.A. Home Inspectors. (ECF No. 45.)

3:23-cv-352-WQH-AHG

On September 29, 2025, Klinger filed an Opposition to Request for Clerk's Entry of Default and Default Judgment. (ECF No. 44.) Klinger, proceeding pro se, purported to represent U.S.A. Home Inspectors. *Id.* On October 17, 2025, the Court issued an Order staying the proceedings to give U.S.A. Home Inspectors time to retain an attorney and stating: "If no notice of appearance is filed on behalf of U.S.A. Home Inspectors within thirty (30) days of the entry of this Order, the Court will lift the stay without considering Klinger's arguments on behalf of U.S.A. Home Inspectors in his pro se filings." (ECF No. 46 at 2–3.)

On November 24, 2025, the Court issued an Order lifting the stay and stating: "The Court will not consider Klinger's arguments on behalf of U.S.A. Home Inspectors. The Default entered by the Clerk of Court (ECF No. 45) remains in effect." (ECF No. 47 at 2.)

On December 16, 2025, the Court issued an Order directing Plaintiff to show cause as to why this case should not be dismissed for failure to move for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55.1. (ECF No. 48.)

On December 29, 2025, Plaintiff filed the pending Motion for Default Judgment, seeking a default judgment against Defendant U.S.A. Home Inspectors pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 49.)

On December 30, 2025, Plaintiff filed a Response to the Court's Order to Show Cause, (1) contending that his illness prevented him from filing a motion for default judgment within the time frame set by Local Civil Rule 55.1 and (2) seeking leave to file a late motion for default judgment. (ECF No. 50.)

## II.   ALLEGATIONS IN THE SAC

This case concerns pre-recorded marketing telephone calls transmitted from Defendant to Plaintiff without Plaintiff's consent.

Plaintiff is a resident of the Southern District of California and was located in San Diego County when the calls giving rise to this lawsuit occurred. (SAC ¶ 1.) Defendant is

a California limited liability company with its principal address in El Cajon, California. *Id.* ¶ 2. Defendant offers home inspection services. *Id.* ¶ 27.

Plaintiff's cell phone has a residential number. *Id.* at 10. The cell phone is registered in Plaintiff's name and Plaintiff "pays the cell phone from his personal accounts." *Id.* ¶ 44. Plaintiff "successfully registered his phone, number 619-3X0-X1X0" on the National Do Not Call Registry ("National DNC") in May of 2018. *Id.* ¶ 21.

"Upon information and belief, Defendant began harassing Plaintiff on or about July 15, 2017." *Id.* ¶ 29.

Plaintiff received "at least two" calls with pre-recorded messages "selling home inspection" services from Defendant to his cell phone. *Id.* ¶¶ 23, 25, 30. The calls occurred on November 25, 2019 and January 28, 2020. *Id.* ¶ 26. Each call came from the phone number (619) 514-0737. *Id.* Plaintiff "had no relationship" with Defendant and "never consented" to receive pre-recorded messages from Defendant. *Id.* ¶ 47. The calls were not made to service any account and they were not made from a list. *Id.* ¶¶ 27, 28. "No emergency necessitated" the calls. *Id.* ¶ 34. Instead, Defendant made the automated calls "for purposes of advertising and marketing [its] goods and services." *Id.* ¶ 48.

On August 8, 2022, Plaintiff sent an email to Defendant at admin@usa-homeinspectors.com, "requesting an internal [do-not-call] policy." *Id.* ¶ 31. "Defendant failed and/or refused to send Plaintiff a copy of any internal [do-not-call] policy." *Id.* ¶ 32. "On information and belief, Defendant did not have a written do-not-call policy" while it was sending Plaintiff the pre-recorded messages. *Id.* ¶ 33. Defendant "knowingly ignor[ed]" Plaintiff's listing on the National DNC and failed to train its agents or employees "on the use of an internal do-not-call policy." *Id.* ¶ 35.

Plaintiff "has limited data storage capacity" on his cellphone and "[i]ncoming telemarketing calls consumed part of this capacity." *Id.* ¶ 37. Defendant's pre-recorded calls caused Plaintiff the following injuries, among others: "reduced device storage,

3:23-cv-352-WQH-AHG

reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone." *Id.* ¶ 43.

Plaintiff brings three claims against Defendant under the TCPA and its implementing regulations: (1) "automated telemarketing without prior express written consent," in violation of 47 U.S.C. § 227(b)(1)(A)(iii); (2) violation of the "Sales Call/DNC Prohibition" laid out in 47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(c); and (3) "telemarketing without mandated safeguards," in violation of 47 C.F.R. § 64.1200(d). *Id.* at 10–13. Plaintiff seeks declaratory and injunctive relief, statutory damages, interest, costs, and attorney's fees. *Id.* at 14.

## III. DISCUSSION

Plaintiff moves for default judgment against Defendant on all of his claims. (ECF No. 49.)[1]

### A. Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of the Court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2).

However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter

---

[1] In his Response to the Court's December 16, 2025 Order to Show Cause (ECF No. 48), Plaintiff states that he filed his Motion for Default Judgment (ECF No. 49) after the deadline set by Local Civil Rule 55.1 due to "debilitating illness." (ECF No. 50 at 4.) The Court declines to address Plaintiff's justification for the delay in filing because, as discussed below, it denies the Motion for Default Judgment (ECF No. 49) on other grounds.

and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). In considering whether to enter a default judgment, the court may dismiss an action *sua sponte* for lack of personal jurisdiction." *Id.* (citations omitted).

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 683 F.2d 1344, 1347 (9th Cir. 1982)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (quoting *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

### B. Service of Process on Defendant U.S.A. Home Inspectors

Federal Rule of Civil Procedure 4(h) states in relevant part that a corporation, partnership, or "other unincorporated association" must be served:

> [(1)(A)] in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Here, Plaintiff's Proof of Service form states that the process server attempted to serve Defendant U.S.A. Home Inspectors in El Cajon, California. (ECF No. 41 at 1.) Accordingly, the Court must determine whether service was proper under either Federal

Rule of Civil Procedure 4 or California state law.

### 1. *Federal Rule of Civil Procedure 4*

Despite the Rule's language, service of process under Rule 4 "is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Direct Mail*, 840 F.2d at 688. Service can also be made "upon a representative so integrated with the organization that he will know what to do with the papers" or an "individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.* (quotations and citations omitted). Assessing whether service on such an individual satisfies Rule 4 "depends on a factual analysis of that person's authority within the organization." *Id.* (quotations and citations omitted).

As an initial matter, the Court takes judicial notice of the fact that the California Secretary of State's website lists the agent for service of process for U.S.A. Home Inspectors San Diego, LLC as the individual Keith Klinger, with an address of 14119 Kelli Ln, El Cajon, CA 92021. *See Business Search*, California Secretary of State, https://bizfileonline.sos.ca.gov/search/business (accessed March 20, 2026); *No Cost Conf., Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1295–96 (S.D. Cal. 2013) (taking judicial notice of a document from the California Secretary of State's website).

Plaintiff's Proof of Service form states that a copy of the SAC and summons was personally served on "Alissa D" at 14119 Kelli Ln, El Cajon, CA 92021, on June 11, 2025. (ECF No. 41 at 1.) In his Motion for Default Judgment, Plaintiff states that "Plaintiff's process server served the amended complaint, civil cover sheet, and summons to Defendant." (ECF No. 49 at 7.) Plaintiff offers no evidence to support that Alissa D has authority to accept service on behalf of Defendant U.S.A. Home Inspectors.

A determination of whether an individual constitutes a "managing or general agent, or any other agent authorized by appointment or by law to receive service of process" under Rule 4 "turns on analysis of many factual circumstances." *Quanex IG Sys., Inc. v. Panjin*

3:23-cv-352-WQH-AHG

*CLL Insulating Glass Material Co. Ltd.*, No. CV 15-07138 JVS (RAOx), 2015 WL 13918224, at *2 (C.D. Cal. Dec. 4, 2015). When an individual employee receives service, district courts apply the *Direct Mail* inquiry and analyze factors such as the size of the company that employs that individual, the individual's role within the structure of the company, and whether the defendants actually became aware of the litigation. *See id.*; *Hong-Ming Lu v. Primax Wheel Corp.*, No. C 04-4170 JSW, 2005 WL 807048, at *2 (citing *Direct Mail*, 840 F.2d at 688–89).

Here, Plaintiff provides no information about the size of Defendant U.S.A. Home Inspectors, the role of Alissa D within the company, or whether Alissa D even works at the company. Nor does he cite any caselaw supporting the assertion that service upon Alissa D satisfied Rule 4. Stating that the process server served someone named "Alissa D," who is not the company's registered agent, is not enough by itself to demonstrate that an individual "stands in such a position as to render it fair, reasonable and just to imply the authority on [her] part to receive service." *Direct Mail*, 840 F.2d at 688. Because Plaintiff does not offer other "evidence that [Alissa D] was [herself] a general agent authorized by appointment or law or another individual who was in a position of authority to receive service on behalf of" Defendant, the Court finds that Plaintiff has failed to demonstrate compliance with Rule 4. *AK Futures LLC v. LCF Labs, Inc.*, No. 8:21-cv-02121-JVS(ADSx), 2023 WL 5503090, at *4 (C.D. Cal. Jul. 21, 2023); *see also Quanex IG Sys., Inc.*, 2015 WL 13918224, at *2 (finding service improper under Rule 4 where plaintiff did not submit evidence regarding any of the *Direct Mail* factors); *Zhejiang Panan Kanglida Indus. Co., Ltd. v. Pilot Inc.*, No. 2:23-cv-08505-SPG-(PVCx), 2024 WL 944228, at *4 (C.D. Cal. Feb. 8, 2024) (same).

"[A]ctual receipt of process by the correct person may be a factor in finding process valid when there are other factors that make process fair." *Direct Mail*, 840 F.2d at 688 (citations omitted). The fact that Klinger filed an Opposition to the Request for Clerk's Entry of Default and Default Judgment (ECF No. 44) demonstrates that he eventually

received actual notice of the filing of the SAC against Defendant U.S.A. Home Inspectors. Klinger, as the registered agent and "owner" of Defendant U.S.A. Home Inspectors, *see* ECF No. 49 at 7, presumably has authority to receive service on behalf of the company. However, Klinger does not state when he became aware of the filing of the SAC. (*See* ECF No. 44.) Instead, he states that "[n]o one authorized to accept service on behalf of [Defendant U.S.A. Home Inspectors] was served on June 11, 2025." *Id.* at 2. Plaintiff contends that he served Defendant U.S.A. Home Inspectors on June 11, *see* ECF No. 41, and he mailed a copy of his Request for Clerk's Entry of Default to the 14119 Kelli Lane address on September 16, *see* ECF No. 43. Klinger filed his Opposition on September 29. (ECF No. 44.) Without more information, the Court does not know when Klinger received actual notice of the filing of the SAC—it is plausible that he did not receive such notice until after the September 16 mailing of the Request for Clerk's Entry of Default, long after his 21 days to serve a responsive pleading had elapsed. *See* Fed. R. Civ. P. 12(a).

The Court finds that Klinger's eventual notice of the SAC's filing is insufficient to render Plaintiff's service on Defendant U.S.A. Home Inspectors proper under Rule 4. *See Graham v. United States*, 79 F. App'x 992, 993–94 (9th Cir. 2003) (finding that even though defendant received "sufficient notice" of complaint, service failed to substantially comply with Rule 4 because pro se plaintiff lacked a "justifiable excuse" for the defective service).

### 2. *California Law*

The Court next assesses whether service on Defendant U.S.A. Home Inspectors satisfied California law.

Under California law, "[a] summons may be served on a corporation by delivering a copy of the summons and the complaint . . . [t]o the person designated as agent for service of process" or to "a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code §§ 416.10(a)–(b). As discussed above, Plaintiff offers no evidence to

support that Alissa D was authorized to receive service on behalf of Defendant U.S.A. Home Inspectors. Plaintiff thus fails to demonstrate that service complied with § 416.10.

California law also permits substituted service on a corporation or other business entity. California Code of Civil Procedure Section 415.20(a) provides in relevant part:

> [i]n lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10 . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in the person's office or . . . at the person's usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(a).

Here, neither Plaintiff's Motion for Default Judgment (ECF No. 49) nor his Proof of Service form (ECF No. 41) mention service of the SAC by mail. However, Plaintiff states on the last page of the SAC that "on June 9, 2025, [he] caused a true copy of the [SAC and summons] to be served via ABC Legal to [Defendant U.S.A. Home Inspectors at 14119 [Kelli Lane, El Cajon], CA 92021 and to [Klinger] at 1961 Euchee Rd Ten Mile, TN 37880 by USPS Certified Mail." (SAC at 16.) To prove that his service complied with § 415.20(a), Plaintiff must show that the process server left a copy of the SAC and summons during usual office hours in Klinger's office or at Klinger's usual mailing address with the person who is apparently in charge thereof, and thereafter mailed a copy of the summons and SAC by first-class mail to Klinger at that same address.

To comply with § 415.20(a)'s "apparently in charge" requirement, service "must be made upon a person whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party." *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1393 (Cal. Ct. App. 1992) (quotations and citation omitted). Plaintiff fails to prove that he satisfied § 415.20(a)'s requirements because he provides no information about Alissa D's relationship to Klinger or evidence that she was "apparently in charge" at the El Cajon address. "The mere fact that [Alissa D] answered the door at one

of several recent addresses associated with [Klinger], without more, falls short of what is required by California law." *Weiss v. Rocket Mortgage, LLC*, No. CV 24-00401-MWF (PDx), 2025 WL 2630218, at *3 (C.D. Cal. Aug. 25, 2025).

Under the current record, the Court concludes that Plaintiff has not established that service complied with California law.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 49) is denied without prejudice for insufficient proof of service.

IT IS FURTHER ORDERED that within thirty (30) days from the entry of this Order, Plaintiff shall file either: (1) a renewed motion for default judgment correcting the deficiencies identified in this Order or (2) a motion to set aside the Clerk's entry of default (ECF No. 45) and re-serve Defendant U.S.A. Home Inspectors in a manner that comports with Federal Rule of Civil Procedure 4 and/or California law.

Dated:  April 20, 2026

Hon. William Q. Hayes
United States District Court

3:23-cv-352-WQH-AHG