UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>U.S.A. HOME INSPECTORS, a California Limited Liability Company,<br><br>                              Defendant. | Case No.:  3:23-cv-352-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

On September 30, 2025, the Clerk of the Court entered Default against Defendant U.S.A. Home Inspectors ("Defendant"). (ECF No. 45.)

On December 29, 2025, Plaintiff Thane Charman ("Plaintiff") filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 49.)

On April 20, 2026, the Court issued an Order denying Plaintiff's Motion for Default Judgment without prejudice. (ECF No. 51.) The Court found that Plaintiff failed to establish proper service of process on Defendant under either Federal Rule of Civil Procedure 4 or California law. *Id.* at 7–11. The Court granted Plaintiff thirty (30) days in

which to file either: "(1) a renewed motion for default judgment correcting the deficiencies identified in this Order or (2) a motion to set aside the Clerk's entry of default (ECF No. 45) and re-serve Defendant U.S.A. Home Inspectors in a manner that comports with Federal Rule of Civil Procedure 4 and/or California law." *Id.* at 11.

On May 20, 2026, Plaintiff filed the pending Motion to Set Aside Clerk's Entry of Default. (ECF No. 52.) Federal Rule of Civil Procedure 55(c) states that a court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up; citations omitted). "Additionally, a court may grant a motion for relief from default where the moving party demonstrates a defect in the service of process." *Pontier v. GEICO Ins.*, No. 21cv199-LL-AHG, 2024 WL 2095282, at *2 (S.D. Cal. Mar. 28, 2024) (quotations omitted) (collecting cases).

Here, no evidence of culpable conduct by Plaintiff exists. Setting aside the default would not prejudice Defendant; it would benefit Defendant by allowing it to be properly served. The "no meritorious defense" factor does not apply here because Plaintiff, not Defendant, seeks to set aside the default. And the Court found in its April 20, 2026 Order that Plaintiff provided insufficient proof of service. (ECF No. 51 at 7–11.) Accordingly, the Court finds good cause to set aside the entry of default against Defendant and allow Plaintiff to effect proper service.

IT IS HEREBY ORDERED that Plaintiff's Motion to Set Aside Clerk's Entry of Default (ECF No. 52) is granted. The Clerk of the Court shall set aside the entry of default against Defendant U.S.A. Home Inspectors (ECF No. 45).

3:23-cv-352-WQH-AHG

IT IS FURTHER ORDERED that Plaintiff shall file proof of proper service on Defendant in a manner that complies with Federal Rule of Civil Procedure 4 and/or California law no later than thirty (30) days from the entry of this Order.

Dated:  July 13, 2026

Hon. William Q. Hayes
United States District Court

3:23-cv-352-WQH-AHG