UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br>Plaintiff,<br>v.<br>U.S.A. HOME INSPECTORS, a California Limited Liability Company,<br>Defendant. | Case No.: 3:23-cv-352-WQH-AHG<br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion Allowing Plaintiff to Serve Defendant Via California Secretary of State filed by Plaintiff Thane Charman ("Plaintiff"). (ECF No. 55.)

**I. BACKGROUND**

On September 30, 2025, the Clerk of the Court entered default as to Defendant U.S.A. Home Inspectors ("Defendant"). (ECF No. 45.)

On December 29, 2025, Plaintiff filed a Motion for Default Judgment against Defendant. (ECF No. 49.)

On April 20, 2026, the Court issued an Order denying Plaintiff's Motion for Default Judgment without prejudice. (ECF No. 51.) The Court found that Plaintiff failed to establish proper service of process on Defendant under either Federal Rule of Civil Procedure 4 or California law. *Id.* at 7–11.

On May 20, 2026, Plaintiff filed a Motion to Set Aside Clerk's Entry of Default. (ECF No. 52.) On July 13, 2026, the Court issued an Order granting Plaintiff's Motion to Set Aside Clerk's Entry of Default. (ECF No. 53.) The Court directed Plaintiff to file proof of proper service on Defendant. *Id.* at 3.

On August 12, 2026, Plaintiff filed a Proof of Service form as to Defendant. (ECF No. 54.)

On the same day, Plaintiff filed the pending Motion Allowing Plaintiff to Serve Defendant Via California Secretary of State. (ECF No. 55.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h) states in relevant part that a corporation, partnership, or "other unincorporated association" may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1). Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Under California law, a court may authorize service on a corporation by hand delivery to the California Secretary of State's office if an affidavit shows that the corporation's designated agent "cannot with reasonable diligence be found at the address designated for personally delivering the process" and that the corporation cannot be served "with reasonable diligence . . . in the manner provided" in California Code of Civil Procedure sections 415.10, 415.20(a), 415.30(a), 416.10(a)–(c), or 416.20(a). Cal. Corp. Code § 1720(a).

To determine "reasonable diligence," courts consider whether a plaintiff "took the steps a reasonable person who truly desired to give notice of the action would have taken under the circumstances." *Rios v. Singh*, 280 Cal. Rptr. 3d 404, 412 (Cal. Ct. App. 2021) (citing *Donel, Inc. v. Badalian*, 150 Cal. Rptr. 855, 859 (Cal. Ct. App. 1978)). "Whether the plaintiff exercised the diligence necessary to justify resort to service by publication depends on the facts of the case." *Rios*, 280 Cal. Rptr. at 412. "Reasonable diligence" means "a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 896 P.2d 807, 8111 n.5 (Cal. 1995) (citations omitted). "A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives . . . and by investigation of appropriate city and telephone directories . . . generally are sufficient." *Id.*

"If a defendant's address is ascertainable, a method of service superior to publication must be employed" because due process requires that "service by publication be utilized only as a last resort." *Id.* (citations omitted). "[A]s a condition precedent to the issuance of an order for such substituted service," a plaintiff's affidavit must establish that "the corporation cannot be served with the exercise of due diligence in any other manner provided by law." *Batte v. Bandy*, 332 P.2d 439, 444 (Cal. Ct. App. 1958).

## III. DISCUSSION

As an initial matter, the Court takes judicial notice of the fact that the California Secretary of State's website lists the agent for service of process for U.S.A. Home Inspectors San Diego, LLC as the individual Keith Klinger, with an address of 14119 Kelli Ln, El Cajon, CA 92021. *See Business Search*, California Secretary of State, https://bizfileonline.sos.ca.gov/search/business (accessed August 20, 2026); *No Cost Conf., Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1295–96 (S.D. Cal. 2013) (taking judicial notice of a document from the California Secretary of State's website).

Plaintiff contends that he should be able to serve Defendant via the Secretary of State because his two attempts to serve Defendant's registered agent (Klinger) at the Kelli Lane

address failed. (ECF No. 55 at 6.) Plaintiff provides proof that he first tried to serve Klinger at the Kelli Lane address on June 11, 2025. (ECF No. 41.) This attempt was unsuccessful because the process server served an individual named "Alissa D" and provided no further information indicating that she was authorized to accept service on behalf of Defendant. (*See* ECF No. 41; ECF No. 51 at 8–11.) Plaintiff submits proof of a second unsuccessful attempt to serve Klinger at the Kelli Lane address on August 9, 2026. (ECF No. 54.) Plaintiff's process server states that he delivered the pleadings to "Sean C" but, again, does not specify Sean C's relationship to the Defendant corporation. (ECF No. 54.)

Plaintiff further states that the Kelli Lane address "is a single family residence" with "tax records showing Crane Michael Sean Crane Family Trust as the owners of the property since October 14, 2024." (ECF No. 55 at 3.) Plaintiff states that "[a] search of the property tax records back to February 8, 1994 shows no record of a Keith Klinger." *Id.*

Plaintiff presents evidence that he tried and failed multiple times to serve Defendant via its registered agent (Klinger) at the Kelli Lane address listed on the Secretary of State's website. However, Plaintiff also states that he has reason to believe that Defendant's registered agent (Klinger) may be served at a different address. In the pending motion, Plaintiff notes that Klinger submitted an earlier filing in this action on September 29, 2025. (ECF No. 44.) In that filing, Klinger listed his return address as 1961 Euchee Rd, Ten Mile, TN 37880. *Id.* at 1. Plaintiff also mailed a copy of the pending motion to the Euchee Rd address in Tennessee. (ECF No. 55 at 7.)

Before a court can allow service via the Secretary of State, a plaintiff must demonstrate that he cannot serve a defendant corporation's registered agent by hand with reasonable diligence under specific statutory provisions, including California Code of Civil Procedure section 415.10. Cal. Corp. Code § 1702(a). Section 415.10 provides that "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Code Civ. Proc. § 415.10. As discussed, Plaintiff knows an address where Defendant's registered agent (Klinger) might reasonably

be located and able to accept service pursuant to § 415.10: 1961 Euchee Rd, Ten Mile, TN 37880. Based upon the current record, Plaintiff has failed to show that Defendant cannot be served via its registered agent with reasonable diligence at the Tennessee address.

IT IS HEREBY ORDERED that Plaintiff's Motion Allowing Plaintiff to Serve Defendant Via California Secretary of State (ECF No. 55) is denied without prejudice.

IT IS FURTHER ORDERED that within thirty (30) days from the entry of this Order, Plaintiff shall file proof of an attempt to serve Klinger via California Code of Civil Procedure sections 415.10, 415.20(a), or 415.20(a) at the following address: 1961 Euchee Rd, Ten Mile, TN 37880. If such an attempt is unsuccessful, Plaintiff may file a renewed motion to effect service on Defendant via the Secretary of State within forty (40) days of the date of this Order. If such an attempt is successful, Plaintiff may file a renewed motion for default judgment within forty (40) days of the date of this Order.

Dated: August 24, 2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court